UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

RICHARD L. BRANDON, )
)
    *Plaintiff,* )
) Case No. 4:09-cv-35
v. ) Judge Mattice
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration, )
)
    *Defendant.* )

## MEMORANDUM AND ORDER

Plaintiff Richard Brandon brought this action for judicial review of the final decision of the Commissioner of Social Security that he was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 15] on August 9, 2010, recommending that the Commissioner's Motion for Summary Judgment [Court Doc. 12] be denied, that Plaintiff's Motion for Summary Judgment [Court Doc. 9] be granted, and that the Commissioner's decision be reversed and the action remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation. The Commissioner has filed a timely objection to the R&R [Court Doc. 16] and Plaintiff has responded [Court Doc. 17].

For the reasons stated below, the Court will **OVERRULE** the Commissioner's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R. (Court Doc. 15, R&R at 6-12.)

## III. ANALYSIS

In his R&R, Magistrate Judge Carter found that the decision of the ALJ was not supported by substantial evidence because Plaintiff had evidence of significant non-exertional limitations that would preclude use of the Medical-Vocational Guidelines and require the testimony of a vocational expert. (R&R at 16-17.) Because the ALJ did not discuss some of the medical evidence relating to these limitations, the record was not fully developed in regards to limitations to manual dexterity that would make even sedentary

work difficult for Plaintiff to perform. (*Id.* at 17-21.) Magistrate Judge Carter therefore concluded that a vocational expert was necessary to address Plaintiff's ability to perform a full range of sedentary work as such work would involve the frequent use of his hands, grip strength, and manual dexterity. (*Id.* at 21.)

The Commissioner objects to Magistrate Judge Carter's finding that the record needs to be more fully developed regarding Plaintiff's non-exertional limitations. (Court Doc. 16, Def.'s Objs. at 1.) The Commissioner contends that there was substantial evidence to support the ALJ's determination that Plaintiff could perform sedentary work, even in the absence of testimony from a vocational expert. (*Id.* at 2.) The Commissioner points out that the ALJ restricted Plaintiff in overhead reaching and argues that these restrictions largely address the limitations identified by Magistrate Judge Carter. (*Id.*) The Commissioner further argues that the evidence Magistrate Judge Carter relied on supports the inference that Plaintiff would have the motor skills necessary to perform sedentary work. (*Id.* at 3-4.) Because the ALJ relied on medical evidence which supported his determination that Plaintiff could perform sedentary work, the Commissioner claims that there is substantial evidence to support this finding and the case should not be remanded. (*Id.* at 4-5.)

Plaintiff responds and argues that Magistrate Judge Carter properly found that the decision was not supported by substantial evidence because the ALJ did not discuss Plaintiff's limitations and did not solicit the testimony of a vocational expert. (Court Doc. 17, Pl.'s Resp. at 2.) Plaintiff specifically points to various medical records outlining his non-exertional limitations and argues that this evidence is consistent with other evidence

in the record and does not support a finding that he can perform a full range of sedentary work. (*Id.* at 3-4.) Plaintiff contends that the testimony of a vocational expert was necessary and asks the Court to adopt Magistrate Judge Carter's R&R and remand the case. (*Id.* at 6.)

After referring Plaintiff for a post-hearing consultative exam with orthopedist Dr. Wilburn, the ALJ determined that Plaintiff was not disabled and could perform a full range of sedentary work. (Administrative Record ("AR") at 19.) The ALJ made the following finding in regards to Plaintiff's manual dexterity limitations:

> I find the record as a whole supports finding that the claimant is limited to performing at least the full range of sedentary work activity. I also note that there is no significant evidence showing the claimant has any severe limitations as to the use of his hands at sedentary work, a fact demonstrated by the statement of the physical therapist, notwithstanding allegations of diffuse right arm weakness which should not be affected by the light lifting required at sedentary work levels.

(*Id.* at 18.) Because the ALJ found that Plaintiff had no significant limitations, the ALJ relied on the Medical-Vocational Guidelines (the "grids") to find that Plaintiff was not disabled and fit within the parameters for sedentary work. (*Id.* at 19.) Due to this reliance on the "grids," the testimony of a vocational expert was not obtained.

Magistrate Judge Carter found that the ALJ's reliance on the "grids" to conclude that Plaintiff was not disabled was not supported by substantial evidence because there is evidence in the record that Plaintiff has significant non-exertional limitations. (R&R at 17.) Specifically, Magistrate Judge Carter noted that Dr. Wilburn's Medical Source Statement indicated that Plaintiff can only reach, handle, finger, feel, and push/pull with either hand up to one-third of the time. (R&R at 18; AR at 187.) Magistrate Judge Carter found that

these were important limitations not mentioned by the ALJ in his decision, and that Dr. Wilburn's report provided substantial evidence that Plaintiff had significant limitations with reaching, handling, and fingering. (R&R at 18, 21 n. 2.) Although Dr. Wilburn also indicated that Plaintiff could sort and handle paper files, Magistrate Judge Carter concluded that this assessment did not provide sufficient information from which to infer that Plaintiff could perform a full range of sedentary work if he was limited in his ability to manipulate his hands in various ways at least two-thirds of the time. (R&R at 18.) Magistrate Judge Carter referenced other evidence in the record from Dr. Jayakody and the physical therapist as additional evidence to support the existence of Plaintiff's limitations in these areas. (*Id.* at 19.) Magistrate Judge Carter concluded that based on the evidence of these limitations, the decision of the ALJ was not supported by substantial evidence, the reliance on the "grids" was not appropriate, and that testimony of a vocational expert was necessary to address whether Plaintiff would be able to perform a full range of sedentary work. (*Id.* at 21-22.)

The Court agrees with Magistrate Judge Carter's findings and conclusion. The Court notes the Commissioner's argument that Dr. Wilburn's findings can support an inference that Plaintiff would be able to handle paper files in the course of sedentary work, but the Court will not make that inference. (Def.'s Objs. at 4.) The Court finds that to do so would require making assumptions beyond the scope Dr. Wilburn's assessment. As Magistrate Judge Carter pointed out, many of the activities of sedentary work would require the use of both hands to reach, finger, feel, push and pull. (R&R at 17-18.) If Plaintiff is limited to using his hands for those activities only up to one-third of the time, Plaintiff has significant limitations and Plaintiff may indeed not be able to perform the full range of

sedentary work. The testimony of a vocational expert is necessary to determine if these limitations would interfere with Plaintiff's ability to perform sedentary work. On remand, Plaintiff may also submit additional evidence to document these limitations.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that remand is necessary to further develop the record and hear testimony from a vocational expert. The Court concludes that the Commissioner's decision was not supported by substantial evidence. Magistrate Judge Carter's recommendation that this action be remanded is **ACCEPTED and ADOPTED**. The Commissioner's objections to the R&R are **OVERRULED**. The Commissioner's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED**. The Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation. On remand, the record should be further developed to determine the extent of Plaintiff's non-exertional limitations, if possible, and testimony from a vocational expert should be obtained to assess whether Plaintiff can perform any sedentary jobs in the national economy in view of his limitations.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 15] is **ACCEPTED AND ADOPTED** in its entirety;

- The Commissioner's Objection [Court Doc. 16] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- The Commissioner's Motion for Summary Judgment [Court Doc. 12] is **DENIED**;

- Plaintiff's Motion for Summary Judgment [Court Doc. 9] is **GRANTED**; and

- The Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

**SO ORDERED** this 14th day of September, 2010.

          */s/Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE